## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 25 2018, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Jenny R. Buchheit
Derek R. Molter
Ice Miller LLP
Indianapolis, Indiana

Megan B. Quirk
Quirk & Hunter, P.C.
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Eric C. Welch
Craig E. Beougher
Welch & Company, LLC
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

City of Muncie Unsafe Building Hearing Authority, James Lee, Doug Marshall, Deborah Malitz, Aaron Wood, and Brad King, in their official capacities,

*Appellants-Defendants,*

v.

Popatlal Patel,

*Appellee-Plaintiff.*

April 25, 2018

Court of Appeals Case No.
18A02-1707-PL-1729

Appeal from the Delaware Circuit Court.
The Honorable Thomas A. Cannon, Jr., Judge.
Trial Court Cause No.
18C05-1606-PL-70

**Shepard, Senior Judge**

[1] This is the latest chapter in a long-running dispute between the City of Muncie Unsafe Building Hearing Authority and Popatlal Patel, who owned a building that the Authority deemed unsafe and ordered to be demolished. Patel demolished the building, but the Authority concluded Patel failed to fully complete the work and issued a second demolition order. Patel sought judicial review, and the trial court entered judgment in his favor. The Authority appeals, and we reverse and remand with instructions.

## Facts and Procedural History

[2] Patel owned a commercial building in Muncie. He operated it as a motel, but later closed it, and the building stood vacant for years. In April 2014, the Muncie Building Commissioner issued a report stating the building was unfit for human habitation due to numerous problems ranging from holes in the roof to flooring issues. The commissioner ordered Patel to demolish it. On May 8, 2014, the Authority held a hearing and agreed with the commissioner that Patel was obligated to remove the building.

[3] What followed was a multi-year process with repeated hearings before the Authority. Patel initially agreed to demolish a portion of the building but wanted to rehabilitate the rest. He later conceded the entire building was beyond rehabilitation and provided a $22,000 performance bond to cover the remainder of the demolition project. During this process, Patel and the Authority disagreed over whether Patel was performing the work in a thorough manner. For example, during a December 10, 2015 hearing, Patel claimed his

contractor had finished the demolition work. By contrast, the building commissioner asserted there was still asphalt and a sign base on the property, and grass seed had not been adequately sown.

[4] During demolition, a contractor discovered abandoned petroleum storage tanks buried under a concrete slab, dating from when a gas station operated on the property decades ago. The slab was on a different part of the property than the motel building. Patel represented to the Authority that he had contacted an IDEM employee who informed him there was no need to remove the tanks if the slab was intact and kept in place.

[5] Beginning in December 2015, Patel told the Authority the demolition project was complete and asked that his $22,000 bond be released. The Authority continued hearings on the matter several times. During the hearings, individual members of the Authority stated it might be better for the property if the tanks were removed, but Patel disclaimed responsibility for them and claimed they were outside the bounds of the Authority's demolition order.

[6] On March 22, 2016, the Building Commissioner issued a new inspection report, stating that the property was not yet in compliance because there were still "footer[s] and foundations" that needed to be removed. Appellants' App. Vol. II, p. 218. The Authority refused to release the bond. In addition, on June 9, 2016, the Authority issued a second demolition order, instructing Patel to remove the footers and complete the demolition.

[7] On June 20, 2016, Patel filed a verified complaint against the Authority and its individual members, asking the trial court to vacate the Authority's June 9, 2016 order and to order the Authority to release the bond. The Authority filed a motion for summary judgment and dismissal of complaint. The court denied the motion for summary judgment after a hearing.

[8] Next, the court held a bench trial and issued findings of fact, conclusions thereon, and judgment in favor of Patel. The court ordered the Authority to release the bond and vacated the June 9, 2016 demolition order. The Authority appealed. This Court has stayed the trial court's judgment pending resolution of this appeal.

[9] The Authority raises several issues. On the merits of more than one of these, the Authority is entitled to prevail. In the interest of expedition, we describe in detail just one of those grounds for reversal.

# Discussion and Decision

[10] The Authority claims the trial court erred in entering judgment in favor of Patel because the court overlooked evidence that the motel demolition work was incomplete, which was the basis for the Authority's second demolition order.

[11] The accepted standard of review for trial court judgments such as the one before us is as follows:

> A trial court is required to review a demolition order under a de novo standard of review. Under a de novo review, the trial court may, to a limited extent, weigh the evidence supporting the enforcement authority's findings of fact. The court may negate

the finding only if, based upon the evidence as a whole, the finding of fact was arbitrary, capricious, an abuse of discretion, unsupported by the evidence, or in excess of statutory authority. The trial court may not substitute its judgment for that of the [enforcement authority]; rather, the facts should be determined only [ ] one time. When we review the trial court's decision, we are required to determine whether its decision was arbitrary, capricious, an abuse of discretion, unsupported by the evidence, or in excess of statutory authority.

*Groff v. City of Butler*, 794 N.E.2d 528, 533-34 (Ind. Ct. App. 2003) (quotations and citations omitted).

[12] An enforcement authority is authorized to declare a building unsafe and to require the property owner to take corrective actions, including demolition. Ind. Code § 36-7-9-5 (2015). "The ordered action must be reasonably related to the condition of the unsafe premises and the nature and use of nearby properties." *Id.*

[13] The Authority claimed at trial that the second demolition order was valid because Patel failed to complete demolition of the motel building. The Authority argues the court overlooked substantial, specific evidence on that topic. We agree.

[14] The second demolition order required Patel to remove footings and complete the demolition. At trial, Brandon Garrett, an inspector employed by the Muncie Building Commissioner, explained that a slab of concrete that previously supported a bathroom should have been removed. In addition, a concrete platform for a road sign was still present, cinderblocks from the motel's

foundations were still there, a pipe was sticking out of the ground, and there were holes in ground that should have been filled in. The Building Commissioner had raised some of the same issues during a December 10, 2015 Authority hearing. Patel did not dispute that this work was unfinished.

Based on this evidence, the Authority's second demolition order and decision not to release the performance bond were supported by evidence and were not arbitrary and capricious. On this issue, the trial court's decision was an abuse of discretion because it substituted its judgment for that of the Authority. *See Brown v. Anderson Bd. of Pub. Safety*, 777 N.E.2d 1106 (Ind. Ct. App. 2002) (affirming judgment for city in demolition case; city presented testimony from inspector that property owners failed to fix unsafe structure), *trans. denied*.[1]

# Conclusion

For the reasons stated above, we reverse and remand with instructions to enter judgment in favor of the Authority. We express no opinion as to whether Patel will still be entitled to release of the bond if he satisfactorily completes the demolition work related to the motel building.

---

[1] In the trial court and on appeal, both parties have joined on whether the Authority had actually ordered removal of underground tanks, or not, and on whether IDEM had exclusive authority as respects the tanks. It does appear that the Commissioner's order, affirmed by the Authority, required removal, or a letter from IDEM indicating no action was needed. Other than citation to IDEM's general rule-making power, the parties have not offered sufficient legal authorities to support an adjudication on this question. If the roles of the Authority and IDEM are as straightforward as Patel suggests, we recommend that Patel tender some indication to that effect from IDEM on remand, and the issue should be at rest.

Reversed and remanded with instructions.

Najam, J., and May, J., concur.